**Verdjie B. LARSON, individually and as Executrix of the Estate of Robert Larson, Plaintiff,**

v.

**Vincent R. LARSON, Audrey H. Larson, and the United States of America, Defendants.**

**and**

**UNITED STATES of America, Plaintiff,**

v.

**Vincent R. LARSON; Audrey H. Larson; Prairie Farms; Verdjie Larson, individually and as Personal Representative of the Estate of Robert Larson; The Federal Land Bank of Saint Paul; Farmers Union Elevator, Co., Velva, North Dakota; and Continental Grain Company, Defendants.**

**Civ. No. A4–83–152, A4–83–179.**

United States District Court, D. North Dakota, Northwestern Division.

Jan. 8, 1986.

James A. Reisnour, Jamestown, N.D., Gary Annear, Ass't U.S. Atty., Fargo, N.D., for plaintiff.

Gary Annear, Ass't U.S. Atty., Fargo, N.D., James R. Jungroth, Jamestown, N.D., for Verdjie Larson.

Michael G. Sturdevant, Minot, N.D., for Vincent R. and Audrey H. Larson.

## ORDER

VAN SICKLE, Senior District Judge.

The above entitled actions concern a common subject: notes and mortgages given by Vincent R. Larson and Audrey H. Larson to Verdjie Larson and Robert Larson, and to the United States of America, acting through the Small Business Administration (SBA). Both the SBA and Verdjie Larson hold mortgages on certain property owned by Vincent R. Larson and Audrey H. Larson. Both the SBA and Verdjie Larson have sued to foreclose those mortgages.

Civil No. A4–83–152 was filed in a state court on or about July 14, 1983. It was removed to this court on August 22, 1983. The complaint in that action seeks foreclosure of the mortgage held by Verdjie Larson as well as a judgment against Vincent R. Larson and Audrey H. Larson for the amount owing on notes given to Verdjie Larson and Robert Larson.

Civil No. A4–83–179 was filed in this court on October 6, 1983. The complaint in that action seeks foreclosure of the mortgage held by SBA as well as a judgment against Vincent R. Larson, Audrey H. Larson, and Prairie Farms for the amount owing on a note given to SBA.

By order dated May 29, 1985, this court denied the motion for summary judgment filed by Verdjie Larson in Civil No. A4–83–152, having determined that factual questions concerning application of the doctrine of marshalling assets precluded summary judgment.

On stipulation of the answering parties, the two actions were consolidated for all purposes by order dated September 3, 1985.

By order dated October 17, 1985, this court granted a second motion for summary judgment filed by Verdjie Larson in Civil No. A4–83–152, having determined from affidavit evidence presented in support of the motion that the doctrine of marshalling assets did not apply, and that the mortgage held by Verdjie Larson was superior to the mortgage held by SBA.

By order dated October 21, 1985, this court ordered that SBA show cause why Civil No. A4–83–179 should not be dismissed as moot.

 SBA, in response to this court's order to show cause, asserts that Civil No. A4–83–179 is not moot because SBA is entitled to judgment on the promissory note executed by Vincent R. Larson and Audrey H. Larson as well as foreclosure of its mortgage. SBA also states:

Thus, it is submitted that any judgment should recite the facts as the Court found them in the motion for summary judgment but in addition, should grant the United States its judgment of foreclosure and judgment on the promissory note as prayed for in the Complaint with a period of redemption as prayed for in Case No. A4–83–152 of one year. Since the two cases are consolidated into Case No. A4–83–152, the United States would

have no objection if Case No. A4–83–179 were closed as there is nothing for the Court to determine in Case No. A4–83–179.

SBA has not, however, moved for judgment in its favor in either case and this court cannot enter judgment in its favor absent some action on its part. SBA's position would suggest that consolidation of the two cases results in their merger into one action. This is not, however, an accurate characterization. Consolidation does not merge the suits into a single cause; the actions do not lose their separate identity because of consolidation. C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2382 (1971), quoting *Johnson v. Manhattan Railway Co*, 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933). Having considered SBA's response to this court's order to show cause, this court finds that dismissal of Civil No. A4–83–179 is not in order at this time. This court will direct the entry of judgment in Civil No. A4–83–152.

For the foregoing reasons, IT IS ORDERED:

1). SBA's request that Civil No. A4–83–179 not be dismissed as moot is granted.

2). The Clerk shall enter judgment in Civil No. A4–83–152 in accordance with ¶ 3 below.

3). The real estate described in the mortgage given by Vincent R. Larson to Robert Larson and Verdjie Larson, which mortgage is dated November 29, 1978, may be sold at a judicial sale at the earliest date allowed under law. That sale shall be conducted by the United States Marshal for the District of North Dakota in accordance with applicable law. Proceeds from the sale of the property shall be applied first to the costs and disbursements of the sale, second to the indebtedness owing to Verdjie Larson and the Estate of Robert Larson, and, if any balance remains, it shall be turned over to this court for distribution pursuant to law.